FILED 26 MAY '23 16:01 USDC-ORP

C. Renée Manes
Assistant Federal Public Defender
Email: renee_manes@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524

Attorney for Petitioner

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CODY R. BERTO,** | Case No. 3:23-cv-776 AA |
| Petitioner, | **PETITION PURSUANT TO 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** |
| v. | |
| **PATRICK GARRETT, as Sheriff of Washington County,** | |
| Respondent. | **Expedited Consideration Requested** |

The petitioner, Cody R. Berto, is one of hundreds of Oregonians who are suffering an ongoing deprivation of liberty – both in jail and on conditional release – in violation of the federal constitutional right to be represented by an attorney when charged with a crime. He, like so many others, is enduring irreparable harm from not having an attorney: no one to counsel him about his charges; no one to investigate his case and preserve relevant evidence; no one to argue on his behalf before prosecutors and judges. The promise of *Gideon v. Wainwright*, 372 U.S. 335 (1963), was that no one, no matter their charges, must face the power of the State alone. That promise is currently being betrayed with no remedy through the state courts. Under these circumstances, the

Page 1   **PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

federal writ of habeas corpus provides the emergency backstop against unlawful custody, which the petitioner now invokes.

## I.  INTRODUCTION

The petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 because he has been unconstitutionally subjected to the custody of the Washington County Sheriff since on or about April 23, 2023. While he was released from the county jail on April 26, 2023, he is subject to release conditions that constitute custody in: *State v. Cody R. Berto*, Washington County Circuit Court Case No. 23CR19016. In that prosecution, Mr. Berto is presently without the assistance of appointed counsel due to a state-wide lack of availability of qualified defense attorneys. His continued custody and restraints on his liberty violate the rights to counsel, equal protection under the law, and due process, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Because his custodian, the Sheriff, named in his official capacity, is subjecting Mr. Berto to restraints on his liberty in violation of his federal constitutional rights, the Court should grant the petition for a writ of habeas corpus and order his release and such other remedy as "law and justice require" under 28 U.S.C. § 2243. Mr. Berto is indigent and the United States District Court of Oregon previously appointed undersigned counsel on May 25, 2023, by letter, to represent him in this matter.

## II.  RELEVANT FACTS

1.  Mr. Berto is charged in Washington County Circuit Court Docket No. 23CR19016 with Assault in the Fourth Degree, Attempt to Commit a Class C Felony, and Harassment.

2.  Mr. Berto is currently released on conditions on those charges, and was originally released on April 26, 2023.

3.  Mr. Berto's release conditions include:

  a. Check daily calendar for courtroom assigned and to appear thereafter as ordered by the Court until discharged.

  b. To submit to all orders and pronouncements of the Court.

  c. Not to leave Oregon without permission of the Court.

  d. To keep the Court, any Attorney, and and Responsible Person advised of his correct address at all times and to maintain adequate contact with any attorney such that the attorney can contact him on short notice at all times.

  e. To obey all laws and notify the Court if arrested or cited for any offense (other than traffic offenses).

  f. Not to have any contact with the complaining witness or their family members, which includes precluding Mr. Berto from having contact with his own children.

  g. Not to possess or consume alcohol, and to wear an alcohol monitoring device.

  h. Not to possess or consume any illegal drugs.

  i. Not to possess any dangerous weapons, firearms, etc.

  j. To obey a curfew from 8:00 pm to 6:00 am, requiring Mr. Berto to be at home during that time.

4. The case was initiated on or about April 24, 2023. Mr. Berto made his first appearance on that date.

5. Although Mr. Berto is indigent, he has never received appointed counsel since the initiation of the case, a total of over thirty days as of the date of the filing of this petition.

6. To date Mr. Berto has made three appearances while unrepresented. Those appearances are:

  a. An arraignment on an Information on April 24, 2023.

  b. An arraignment on an Indictment on May 1, 2023.

  c. A hearing on case management on May 22, 2023.

**Page 3  PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

A further hearing is scheduled for June 21, 2023.

7. Mr. Berto has suffered and continues to suffer irreparable harm from his unconstitutional custody while subject to criminal prosecution. He has been unable to receive advice or advocacy from counsel during the pendency of his charges. Moreover, he has been forced to proceed with uncounseled hearings where he must choose to either make uncounseled statements or have no opportunity to be heard.

8. Since at least April 24, 2023, Mr. Berto has had no adequate means of obtaining counsel.

9. The Oregon courts are in the midst of a criminal defense representation crisis that has been developing for years. The American Bar Association's Standing Committee on Legal Aid and Criminal Defense spent two years investigating and analyzing Oregon's public defense system. The Committee published *The Oregon Project, An Analysis of the Oregon Public Defense System* in January 2022.[1] The report concluded that Oregon needs three times the number of criminal defense attorneys than it currently has to adequately staff the criminal cases pending in the state courts.

10. Efforts to remedy the problem have failed. On January 27, 2020, Chief Justice Walters of the Oregon Supreme Court sent a message to the Bar pleading for attorneys to take appointed cases. Ex. 1; OPB, *Oregon's Chief Justice Asks Lawyers To Step Up As Public Defenders*, OPB (January 28, 2022).[2] Starting in April and May, courts around Oregon began

---

[1] Last accessed October 17, 2022, and available at:
https://www.americanbar.org/content/dam/aba/administrative/legal_aid_indigent_defendants/ls-sclaid-or-proj-rept.pdf

[2] Last accessed October 17, 2022, and available at:

Page 4  PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241

dismissing criminal cases because they did not have attorneys available to represent the defendants. Associated Press, *Oregon Faces Major Public Defender Crisis, Case Dismissals*, U.S. News and World Report (April 7, 2022).[3] Yet hundreds of individuals facing criminal charges remain without lawyers after arraignment, many of whom have been held in jail. Karina Brown, *Oregon Public Defender Crisis Spurs Lawsuit*, Courthouse News Service (May 16, 2022).[4] This crisis shows no signs of being alleviated. Zane Sparling, *'No Sense of Justice': Hundreds cycling through Oregon courts without public defenders*, OregonLive (September 27, 2022).[5] The number of unrepresented criminal defendants like Mr. Berto is only increasing statewide:[6]

---

https://www.opb.org/article/2022/01/28/oregons-chief-justice-asks-lawyers-to-step-up-as-public-defenders/

[3] Last accessed October 17, 2022, and available at:
https://www.usnews.com/news/best-states/oregon/articles/2022-04-07/oregon-faces-major-public-defender-crisis-case-dismissals

[4] Last accessed October 17, 2022, and available at:
https://www.courthousenews.com/oregon-public-defender-crisis-spurs-lawsuit/

[5] Last accessed October 17, 2022, and available at:
https://www.oregonlive.com/crime/2022/09/no-sense-of-justice-1300-criminal-cases-in-limbo-as-oregons-public-defender-shortage-mounts.html

[6] Last accessed May 25, 2023, and available at:
https://www.oregon.gov/opds/general/Pages/Unrepresented.aspx

Page 5  **PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

Case 3:23-cv-00776-CL    Document 1    Filed 05/26/23    Page 6 of 14





11.     While policymakers debate solutions, individuals like Mr. Berto bear the weight of the crisis. Tony Schick, *Oregon Lawmakers Consider Bill to Overhaul Public Defense System*, Oregon Public Broadcasting (April 3, 2023);[7] Conrad Wilson, *Oregon Governor Roils Public*

---

[7] Last accessed May 24, 2023, and available at:
https://www.opb.org/article/2023/04/03/oregon-legislature-bill-to-overhaul-public-defense-system/

Page 6   **PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

*Defense Overhaul With Last-Minute Legislative Changes*, Oregon Public Broadcasting (May 22, 2023).[8]

### III.  CLAIMS FOR RELIEF

### First Claim for Relief
### Violation Of The Right To Counsel

12.  Federal habeas corpus is available to individuals who are "in custody in violation of the Constitution of [ . . .] the United States. 28 U.S.C. § 2241(c)(3).

13.  Even "a convict released on his own recognizance pending execution of his sentence is 'in custody' because he is obligated to appear at times and places ordered by the court." *Williams v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). Where a sentence requires a person's "physical presence at a particular place" it restrains his or her liberty because he or she cannot "do those things which free persons in the United States are entitled to do and therefore must be characterized for jurisdictional purposes as 'custody.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

14.  Mr. Berto's release conditions as detailed above constitute custody because they are significant restraints on his liberty. Those restraints include, without limitation: Mr. Berto is required to appear for and report to the Court; he is precluded from leaving the State of Oregon without permission; he is subjected to a curfew lasting from 8:00 p.m. every night to 6:00 a.m. the next morning; he is precluded from seeing his own children; he is precluded from possessing or drinking alcohol and must subject himself to alcohol monitoring. In sum, Mr. Berto cannot live or

---

[8] Last accessed May 24, 2023, and available at:
https://www.opb.org/article/2023/05/22/oregon-public-defense-crisis-legislative-overhaul-kotek-changes/

Page 7  PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241

"come or go as he pleases" which constitutes restraints on his liberty sufficient to qualify as custody for the purpose of this matter. *Hensley*, 411 U.S. at 351; *Williams*, 151 F.3d at 1182.

15. Based on the foregoing, Mr. Berto's custody violates the Sixth Amendment, made applicable to the State of Oregon through the Fourteenth Amendment, which guarantees indigent defendants charged with felonies the right to appointed counsel to assist in their defense following initiation of criminal proceedings. *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 194 (2009); *Gideon v. Wainwright*, 372 U.S. 335 (1963). "The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

16. The Sixth Amendment requires the presence of counsel at all critical stages of the criminal process. *United States v. Wade*, 388 U.S. 218, 237 (1967); *Powell v. Alabama*, 287 U.S. 45, 57 (1932). "In deciding what qualifies as a critical stage, courts have recognized that the period from arraignment to trial is 'perhaps the most critical period of the proceedings.'" *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004) (simplified) (quoting *Wade* and *Powell*). Arraignments are "[a]mong the stages of a prosecution deemed 'critical' for Sixth Amendment purposes[.]" *Id.* (citing *Hamilton v. Alabama*, 368 U.S. 52, 53-55 (1961)). Preliminary hearings and bail hearings are also critical stages, *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970), as is "the process of plea bargaining and period of defendant's potential cooperation with the government." *Id.* (citing *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003)).

17. The Sixth Amendment right to "'counsel is by far the most pervasive'" of all constitutional rights because it affects a defendant's "'ability to assert any other rights he may have.'" *United States v Cronic*, 466 U.S. 648, 654 (1984) (quoting Walter V. Schaefer, *Federalism*

*and State Criminal Procedure*, 70 HARV. L. REV. 1, 8 (1956)). Deprivation of the right to the assistance of counsel in criminal proceedings constitutes structural error and is prejudicial per se. *Hamilton*, 391 F.3d at 1070 ("Where counsel is absent during a critical stage, the defendant need not show prejudice. Rather, prejudice is presumed, 'because the adversary process itself has become presumptively unreliable.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (quoting *Cronic*, 466 U.S. at 659)).

## Second Claim For Relief:
## Violation Of Procedural Due Process By Prosecution Without Counsel

18. Based on the foregoing, Mr. Berto is in custody in violation of the procedural due process guaranteed by the Fifth and Fourteenth Amendments. The balance of interests establishes that, where liberty is at issue and the State is represented by counsel, requiring the indigent defendant who has not waived counsel to proceed without counsel is unconstitutional. *See United States v. Salerno*, 481 U.S. 739, 746 (1987) (citing *Matthews v. Eldridge*, 424 U.S. 319 (1976)). The failure to provide counsel to Mr. Berto during his criminal proceedings has deprived him of important procedural protections. By conducting proceedings with Mr. Berto in the absence of counsel and without a voluntary waiver in compliance with *Faretta v. California*, 422 U.S. 806 (1975), he has been required to either make uncounseled statements and interact directly with the court hearing his case and the prosecutor charging him, or alternatively have no opportunity to be heard. The court and the prosecutor have interacted directly with him in the absence of counsel.

## Third Claim for Relief:
## Violation Of Equal Protection And Due Process Based On Indigency

19. Based on the foregoing, Mr. Berto is in custody in violation of the equal protection and due process protections against discrimination based on wealth. *Bearden v. Georgia*, 461 U.S.

660,665 (1983) (where discrimination is based on indigency, "[d]ue process and equal protection principles converge in the Court's analysis[.]")

### IV. PRELIMINARY REBUTTAL OF PROCEDURAL DEFENSES

20. Without waiving any requirement that the respondent affirmatively raise defenses, and reserving his right to address any such defenses in the course of a full adversary proceeding after appropriate factual development, Mr. Berto contends that neither *Younger* abstention under *Younger v. Harris*, 401 U.S. 37 (1971), nor exhaustion of state remedies is required for his claims.

21. A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 does not include a statutory exhaustion requirement. Instead, the discretionary requirement of exhaustion in § 2241 cases involving state custody is judicially-created to preserve the principles of federalism underlying the *Younger* abstention doctrine.

22. Under the *Younger* doctrine, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct [federal courts] to abstain from exercising [] jurisdiction in certain circumstances when . . . asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019).

23. *Younger* abstention involves a consideration of four factors. Stated in the § 2241 context, "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges [*i.e.* opportunity to exhaust]; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page*, 932 F.3d at 901-02 (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

24.     Because the third and fourth factor are not met here, neither abstention nor its counterpart of exhaustion are required.

25.     The prudential requirement of exhaustion is based on principles of comity and requires that the state court be willing to entertain the alleged constitutional violations and able to provide a remedy for them. *Picard v. Connor,* 404 U.S. 270, 275 (1971). The doctrine gives the state courts "an initial 'opportunity to pass upon and correct' alleged violations" of federal rights. *Id.* (quoting *Wilwording v. Swenson,* 404 U.S. 249, 250 (1971)) (further citations omitted).[9] Where a state court is unable or unwilling to correct the federal constitutional violations, exhaustion is excused because "there is an absence of available State corrective process" or the processes which are available are "ineffective to protect the rights of" the petitioner, even where a state judgment is involved. 28 U.S.C. § 2254(b)(1)(B)(i)&(ii).

26.     Here, beyond merely requesting appointment of counsel, as he has already done, there is no viable state remedy for Mr. Berto's constitutional claims. First, there is no effective means of raising the lack of counsel in state court that Mr. Berto can pursue without adequate representation to do so. *See, e.g.*, Or. Rev. Stat. § 34.310; *Rico-Villalobos v. Giusto,* 339 Or. 197 (2005) (providing state habeas remedy that can be pursued with adequate representation).

27.     Moreover, this is not a case where the Oregon's courts have made a mistake of law or are unaware of constitutional violations. Instead, the Oregon courts have proven for the last several years that they are unable to remedy the problems with the lack of availability of defense counsel for indigent defendants because the state's public defense is structurally flawed and under

---

[9] *Wilwording* constitutes precedential authority although superseded by statute on other grounds. *See* 42 U.S.C. § 1997e *et seq.*

Page 11 PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241

resourced. As a result, the constitutional violations raised here have been repeatedly occurring in thousands of criminal cases and will continue to occur absent federal court intervention. Any further exhaustion of Mr. Berto's state remedies would be futile.

28.     Under *Younger*'s fourth factor, Mr. Berto's claims regarding his continued custody pursuant to a state prosecution in which he has been denied representation by counsel is distinct from the underlying criminal prosecution. *Younger* abstention is therefore inapplicable here because no state court criminal proceedings would be enjoined.

29.     The claims raised here are similar to challenges to constitutionally inadequate bail hearings, which have been held distinct from the merits of the state criminal prosecution for *Younger* purposes. *Page*, 932 F.3d 904 (*Younger* not applicable where petitioner's challenge was to the state's alleged failure to hold a constitutionally-adequate probable cause hearing); *Arevalo*, 882 F.3d at 766 ("*Younger* abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it"); *see Gerstein v. Pugh*, 420 U.S. 103, 107 n.9 (1975) (*Younger* not applicable because "the injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"). *Younger* abstention and exhaustion are not required.

30.     Even if the four *Younger* factors were present, *Younger* abstention is not warranted and exhaustion should be excused because of "extraordinary circumstances where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012); *see also Page*, 932 F.3d at 903.

31.     The ongoing deprivation of Mr. Berto's constitutional rights in his state prosecution and the ongoing deprivation of his physical liberty by detention constitutes irreparable injury that requires intervention before trial. *Arevalo*, 882 F.3d at 767 (finding over six months of incarceration without a constitutionally adequate bail hearing "easily [fell] within the irreparable harm exception to *Younger*"); *see also Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (finding extraordinary circumstances that would result in irreparable injury for challenge to violation of the double jeopardy clause).[10]

32.     Here, although presumptively innocent, Mr. Berto has been both in custody and subject to restraints on his liberty based on official charges of the state without counsel for over thirty days. He continues to face criminal prosecution and appear at critical stages of his case in the absence of counsel. This extraordinary deprivation of the most fundamental constitutional rights constitutes irreparable injury that cannot be fixed with any post-trial adjudication, and, therefore, this Court should address the merits of the petition.

## V.   PRAYER FOR RELIEF

Petitioner, Cody R. Berto, respectfully requests that this Court:

1.     Grant a Writ of Habeas Corpus and order the Petitioner brought before this Court so that he might be discharged from his unconstitutional confinement and restraint.

---

[10] Because *Mannes* involved a habeas petition brought pursuant to 28 U.S.C. § 2254, the petitioner was required pursuant to statutory requirements to have exhausted state remedies. By contrast, the present petition is brought under 28 U.S.C. § 2241, which does not contain a statutory exhaustion requirement and is only subject to the judicially-created prudential exhaustion doctrine described herein.

**Page 13 PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

2.  Grant Petitioner the right to conduct discovery, including the right to take depositions, request admissions, and propound interrogatories, as well as the means to preserve the testimony of witnesses.

3.  Permit Petitioner a reasonable opportunity to supplement this Petition to include claims that become known as a result of ongoing investigation and information that may hereafter become known to counsel.

4.  Order and conduct an evidentiary hearing at which proof may be offered concerning each of the allegations in the Petition.

5.  After a full consideration of the issues raised in this petition, declare that Mr. Berto's rights under the Fifth, Sixth, and Fourteenth amendments have been violated by his continued prosecution and custody without the appointment of counsel.

6.  After full consideration of the issues raised in this Petition, order that the Respondents must dismiss all charges against Mr. Berto in any court and remove all restraints on his liberty until Respondents can provide Mr. Berto with counsel at court expense.

7.  Grant Petitioner such further relief as is appropriate and just.

Respectfully submitted this 26th day of May, 2023.

/s/ C. Renée Manes
C. Renée Manes
Assistant Federal Public Defender
Attorney for Petitioner